**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOSE BALTAZAR-MONTERROSA, | ) | |
| Petitioner, | ) | 3:10-cv-00002-ECR-RAM |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 12).

**I. Background**

On October 28, 2004, the Second Judicial District Court of the State of Nevada entered a judgment of conviction, pursuant to a jury verdict, convicting petitioner of one count of first-degree murder with the use of a deadly weapon and one count of robbery. (Exhibit No. 47).[1] On November 18, 2004, petitioner filed a direct appeal. (Exhibit 48). On May 26, 2005, petitioner's opening brief was filed. (Exhibit 66). On July 13, 2006, the Nevada Supreme Court issued a published opinion in which it affirmed petitioner's conviction. (Exhibit 70).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 13-16.

On April 30, 2007, petitioner filed a post-conviction habeas petition in state court. (Exhibit 74). Counsel was appointed, and on December 31, 2007, counsel filed a supplement to the petition. (Exhibit 84). On October 23, 2008, the state district court issued an order denying the state habeas petition. (Exhibit 86). On November 24, 2008, petitioner appealed the denial of his state habeas petition. (Exhibit 88). On March 16, 2009, petitioner's opening brief was filed. (Exhibit 93). On November 3, 2009, the Nevada Supreme Court issued an order affirming the denial of the state habeas petition. (Exhibit 98). Remittitur issued on December 1, 2009. (Exhibit 99).

On December 30, 2009, petitioner dispatched his federal habeas petition to this Court. (ECF No. 4, at p. 1). Respondents have filed a motion to dismiss the petition. (ECF No. 12).

## II. Discussion

### A. Ground One

#### 1. Ground One is Cognizable

The title of Ground One of the federal petition is as follows: "The district court's order dismissing the petition for writ of habeas corpus (post-conviction) constituted an abuse of discretion and dismissal violated appellant's Fifth, Sixth and Fourteenth Amendment rights." (Federal Petition, ECF No. 4, at p. 3) (capitalization modified). Respondents argue that Ground One, in which petitioner alleges that the state district court abused its discretion by not granting an evidentiary hearing on the claims in his state habeas petition, is a state law issue and is therefore not cognizable in federal habeas law.

Federal habeas corpus relief is available only to seek relief from custody that is in violation of the Constitution, laws, or treaties of the United States, but not state law questions. 28 U.S.C. § 2254(a). Issues of state law, such as whether the defense properly preserved an argument by relying on a pretrial ruling, is outside the scope of federal habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). In the instant case, Ground One is not

solely based on a state law issue, but rather, alleges violation of petitioner's federal constitutional rights. Because Ground One is not solely an issue of state law, the Court denies respondents' motion to dismiss it on this basis.

### 2. Ground One is Exhausted

Respondents also argue that Ground One of the federal petition is unexhausted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

3

In the instant case, respondents contend that: "In his state court brief, Baltazar cites the 5th, 6th, and 14th Amendments, but does not designate whether the amendments are to the Nevada Constitution or the United States Constitution." (Motion to Dismiss, ECF No. 12, at p. 10). This argument fails. Ground One of the federal petition is an exact copy of Ground One of the appellate brief submitted to the Nevada Supreme Court. It is clear from a reading of Ground One, and the remainder of the petition, that petitioner claimed violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Petitioner brought before the Nevada Supreme Court the same issues he now asserts in his federal petition. As such, this Court rejects respondents' argument that Ground One is unexhausted.

**B. Ground Four**

Respondents contend that Ground Four is conclusory and not cognizable in federal habeas proceedings. In Ground Four, petitioner asserts that counsel was ineffective by failing to present his client's statement in allocution to the sentencing jury. (Federal Petition, ECF No. 4, at p. 17). Respondents argue that Ground Four does not contain enough facts regarding the claim. Respondents also contend, in the alternative, that Ground Four does not present a cognizable federal habeas claim. This Court rejects respondents' arguments. Ground Four, while succinct, contains adequate allegations that petitioner's trial counsel was ineffective. This states a cognizable claim in federal habeas corpus. *See Strickland v. Washington*, 466 U.S. 668 (1984). Respondents' motion to dismiss Ground Four is denied.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each claim in the petition. **No further motions to dismiss will be**

entertained. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer no later than **thirty (30) days** after being served with the answer.

Dated this 26th day of January, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE